FILED

1/9/2020

Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| FX SOLUTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW BRENT GOETTSCHE, <br><br> Defendant. | No. CV-20-03-BU-SEH <br><br> **ORDER** |

Defendant Matthew Brent Goettsche removed this action by Notice of Removal filed January 7, 2020.[1] However, jurisdiction is not well-pleaded.

The removal statute is strictly construed against removal jurisdiction.[2] The "strong presumption" against removal jurisdiction requires that a defendant carry the burden of showing removal is proper.[3] Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.[4]

---

[1] Doc. 1.

[2] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[3] *Id.*

[4] *Id.*

Defendant's Notice of Removal asserts federal jurisdiction under 28 U.S.C. §§ 1332 and 1441.[5] 28 U.S.C. §1332(a)(1) states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;

Only residence of Defendant is alleged. The diversity statute speaks of diversity of citizenship, not of residency.[6] Citizenship cannot be "deemed" by residency.[7] Defendant's citizenship is not alleged.

Defendant also fails to properly allege Plaintiff's citizenship. The Notice of Removal states that "Plaintiff FX Solutions, Inc. is a corporate entity registered to do business in Montana, with its principal office . . . in Missoula, Montana."[8] A corporation for purposes of determining diversity jurisdiction is a citizen of both the state of incorporation and the state in which it has its principal place of business.[9] Plaintiff's citizenship is not alleged.

---

[5] *See* Doc. 1 at ¶ 5.

[6] *Kanter v. Warner-Lambert*, 265 F.3d 853, 857 (9th Cir. 2001).

[7] *Id.*

[8] Doc. 1 at ¶ 3.

[9] *Montrose Chem. Corp. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997); 28 U.S.C. §1332(c)(1).

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, the objection may be raised by a party, or by the courts own initiative, at any stage in the litigation, even after the trial and judgment entry.[10]

ORDERED:

This case will be remanded to state court on January 17, 2020, unless Defendant files an amended notice of removal properly alleging jurisdiction on or before that date.

DATED this 9th day of January, 2020.

SAM E. HADDON
United States District Court

---

[10] *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).