JOHN E. SMITH
NICK K. BROOKE
SMITH & STEPHENS, P.C.
315 West Pine Street
Missoula, Montana 59802
Phone: (406) 721-0300
Fax: (406) 721-5370
john@smithstephens.com
nick@smithstephens.com

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| KEVIN WASHINGTON,<br><br>Plaintiff,<br>vs.<br><br>MATTHEW BRENT GOETTSCHE,<br><br>Defendant. | Cause No. CV-20-2-BU-BMM-KLD<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF OPPOSED MOTION TO STAY PROCEEDINGS** |

COMES NOW the above named Defendant, through Counsel, and gives the following brief in support of his motion to stay proceedings while the Defendant's criminal case is pending in the District of New Jersey.

**FACTUAL AND PROCEDURAL HISTORY**

The Plaintiff in this case filed a complaint in the Montana Second Judicial District Court, Butte Silver Bow County on December 26, 2019. The Defendant removed the case to this Court on January 7th, 2020. The Complaint is included as Exhibit A.

On December 5, 2019, the Defendant was indicted by a federal grand jury in the United States District Court, District of New Jersey, 2:19-CR-877 (CCC).  In connection with his arrest, the government seized the Defendant's phone, computers and files.  He is currently detained

pending the resolution of his bail motion in the District of New Jersey.  Accordingly, the Defendant has no access to the information necessary to respond to the Complaint.

The Plaintiff explicitly relies on the allegations in the Indictment to form the basis of both of his claims and explicitly incorporates it by reference into the Complaint.  *See* Complaint at 3, n.1, ¶ 13-19, 27-28.  For example, the Plaintiff alleges that the Defendant "was using CyptoWatt's [sic] Butte Bitcoin mining facility as part of or to facilitate the crimes he was allegedly committing as alleged in the Indictment," Complaint ¶ 16, and "Through the conduct described in the Indictment resulting in his arrest and detention pending trial, Matthew Brent Goettsche breached his fiduciary duty to Kevin Washington, the minority owner of Crypto Watt Investment Partners, LLC," Complaint ¶ 19. The Complaint also alleges that the Defendant generally defrauded the Plaintiff by using the facility "as his personal piggy bank to make outside investments" and deposited the proceeds of Cryptowatt into accounts seized by the U.S. Government pending forfeiture.  *See* Complaint ¶ 28.

## LEGAL STANDARD

A district court may exercise its discretion stay civil proceedings pending the outcome of parallel criminal proceedings.  *See Am. Motorists Ins. Co. v. Bridger Pub. Sch. Dist. #2*, No. 06-CV-124-BLG-RFC-CSO, 2007 WL 1227592, at *2 (D. Mont. Apr. 24, 2007) (staying civil discovery while pre-Indictment criminal investigation by United States Attorney's office was pending).  In determining whether to stay civil proceedings while parallel criminal proceedings are pending, courts must consider the particular circumstances and competing interests involved, and should consider (1) the extent to which the defendant's Fifth Amendment rights are implicated, (2) the plaintiff's interest in proceeding expeditiously, (3) the burden the proceedings may impose on the defendant, (4) the convenience of the court and the efficient use of judicial resources, (5)

the interests of persons not parties to the civil litigation, and (6) the interest of the public in the pending civil and criminal litigation. *CQI, Inc. v. Mountain W. Farm Bureau Ins. Co.*, No. CV 08-134-BLG-CSO, 2011 WL 13196191, at *1 (D. Mont. Aug. 29, 2011) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)) (granting motion to stay).

## ARGUMENT

Analysis of the above factors weighs in favor of staying this action while the District of New Jersey criminal proceeding is resolved. Staying this proceeding is necessary to protect the Defendant's Fifth Amendment rights in his criminal case before the District of New Jersey and prevent him from being prejudiced in this action. The Plaintiff explicitly relies on the facts alleged in the Indictment in the Complaint; answering the complaint or responding to it in any way may implicate the Defendant's Fifth Amendment rights. In addition, the Defendant would be prejudiced by continuing to litigate this action without access to material information and documents.

### I. Answering the Complaint Implicates the Defendant's Fifth Amendment Rights

"The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned." *Am. Motorists Ins. Co.,* 2007 WL 1227592, at *2 (quoting *Walsh v. Cristo Property Management, Ltd*., 7 F.Supp.2d 523, 527 (D.N.J. 1998)) (staying discovery). The possibility for self-incrimination is greatest at this stage, and the potential harm to civil litigants arising from delaying the case is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act. *Id.* at *2. This is precisely the circumstances presented here.

The Plaintiff's claims before this Court specifically rely on the allegations in the Indictment, which was attached to the Complaint and incorporated by reference. *See, e.g.*,

Complaint at 3 n.1, ¶ 18 ("Being charged with the crimes alleged in the Indictment and arrested by federal authorities makes it impossible for Matthew Brent Goettsche to exercise the authority and carry out the duties and responsibilities he exclusively possesses as the Managing Member of CryptoWatt Investment Partners, LLC…"), ¶ 19 ("Through the conduct described in the Indictment resulting in his arrest and detention pending trial, Matthew Brent Goettsche breached his fiduciary duty to Kevin Washington, the minority owner of Crypto Watt Investment Partners, LLC."). It is clear that if the Defendant is required to answer the complaint or otherwise proceed with this civil case, his Fifth Amendment rights may be implicated.

The Fifth Amendment privilege against self-incrimination protects a person not only from being a witness against himself in a criminal proceeding, but also privileges him from having to answer in a civil proceeding if an answer might incriminate him in a criminal proceeding. *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316 (1973). In the civil context, the invocation of the privilege is limited to those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner. *See United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995). "[T]he 'privilege against self-incrimination does not depend upon the *likelihood*, but upon the *possibility* of prosecution' and also covers those circumstances where the disclosures would not be directly incriminating, but could provide an indirect link to incriminating evidence. *Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000) (quoting *United Liquor Co. v. Gard (In re Seper)*, 705 F.2d 1499, 1501 (9th Cir. 1983)) (emphasis in *Seper*).

Here, because the Complaint alleges that the Defendant utilized Cryptowatt's facilities and proceeds to further the criminal acts described in the Indictment and that the Defendant defrauded the Plaintiff, in order to defend this action the Defendant will need to make representations to the

Court about what occurred between the parties. However, any representations made by the Defendant in this action could be used against him in his criminal case or implicate his Fifth Amendment rights. Simply put, the Defendant should not be forced to choose between invoking his Fifth Amendment rights and defending himself in this action.

## II. The Plaintiff's Interest In Proceeding Expeditiously Is Outweighed By the Burden of the Proceedings on the Defendant

Putting aside the Defendant's Constitutional Rights, which are paramount here, the Defendant will be irreparably prejudiced by being forced to litigate without access to any information relevant to this action. As mentioned above, the Defendant is currently detained in the District of New Jersey and all of his computers and files were seized by the government. He therefore has no access to any documents or communications that may be relevant to this action, and is not able to easily communicate with counsel on a regular basis. Without a stay, the Defendant is forced to litigate this action with one hand tied behind his back.

By contrast, the Plaintiff will not be prejudiced by a stay of this action. The Court has already appointed a Receiver to administrate CryptoWatt's business and the Plaintiff's business interests are represented in communications with the Receiver. Any other interest the Plaintiff has in this action, such as a prompt resolution of his claims, is plainly trumped by the Defendant's interest in protecting his constitutional rights. As this Court recognized in *American Motorists*, the possibility of a long delay in this case is reduced by the nature of the Speedy Trial Act requirements that the criminal case be resolved quickly. *Am. Motorists Ins. Co.,* 2007 WL 1227592, at *2. Accordingly, the second and third factors identified in *Keating* weigh in favor of a stay. *See. CQI, Inc.*, 2011 WL 13196191, at *1-2.

## III. The Remaining Factors Support a Stay

The remaining factors – the convenience of the court and the efficient use of judicial resources, the interests of third parties, and the interest of the public in both actions – are neutral or weigh in favor of a stay.

If the Court stays this action at this stage, pre-answer and before discovery has begun, it will avoid unnecessary delays caused by the Defendant's inability to access information. Staying the action will actually conserve judicial resources until such time that the Defendant is meaningfully able to participate in the litigation. *See CQI, Inc.*, 2011 WL 13196191, at *2.

The Defendant is unaware of any third parties who have an interest in this litigation, meaning this factor weighs in favor of a stay. *See CQI, Inc.*, 2011 WL 13196191, at *2. The last factor, the public interest, is neutral because "neither the **criminal** action nor this action appear to carry any greater public interest than other matters pending in this Court." *Id.*

## CONCLUSION

The Court should issue an order staying all proceedings in this case until the criminal case is resolved. The Defendant will provide notice to the Court upon resolution or termination of the criminal case.

RESPECTFULLY SUBMITTED this 7TH day of February, 2020.

SMITH & STEPHENS, P.C.

by: */s/John E. Smith*
**John E. Smith**
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2020, a copy of the foregoing document

was served on the following persons by the following means:

<u>1, 2</u>     CM-ECF
<u>      </u>  Hand Delivery
<u>      </u>  Mail
<u>      </u>  Overnight Delivery Service
<u>      </u>  Fax

1. CLERK, UNITED STATES DISTRICT COURT

2. Kris McLean


By:  <u>/s/ John E. Smith</u>
John E. Smith
SMITH & STEPHENS, P.C.
Attorney for Defendant