Kris A. McLean
Tyson A. McLean
Kris A. McLean Law Firm, PLLC
PO Box 1136
Florence, Montana 59833
Phone: 406-214-1965
kris@krismcleanlaw.com

*Attorneys for Plaintiff FX Solutions, Inc.*

| | |
|---|---|
| KEVIN WASHINGTON,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW BRENT GOETTSCHE,<br><br>    Defendant. | Cause No. CV-20-2-BU-BMM-KLD<br><br><br>**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| FX SOLUTIONS, INC.<br><br>    Plaintiff,<br><br>vs.<br>MATTHEW BRENT GOETTSCHE,<br><br>    Defendant. | Cause No. CV-20-03-BU-BMM-KLD |

  COMES NOW Plaintiff FX Solutions, Inc, by and through its attorney of record, Kris A. McLean, and responds to Defendant's Motion to Dismiss Counts 4 and 5 of Plaintiff's Complaint. This Court should deny Defendant's motion to dismiss because it is untimely pursuant to Federal Rule of Civil Procedure 81.

**Argument**

Federal Rule of Civil Procedure 81 provides in relevant part:

(c) Removed Actions.

    (1) *Applicability.* These rules apply to a civil action after it is removed from a state court.

    (2) *Further Pleading.* After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

        (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;

        (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

        (C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c).

On December 26, 2019, FX Solutions, Inc. filed its complaint alleging Breach of Contract and Fraud against Defendant in the Montana Second Judicial District Court. (Doc. 1-2). On December 29, 2019, Plaintiff's counsel provided copies of the Complaint, and related pleadings to Defendant's counsel. On December 30, 2019, Defendant's counsel acknowledged receiving these documents. (Exh. 1).

On January 7, 2020, the day before a state court receiver hearing in Washington v. Goettsche DV-19-453, Defendant removed this case and

Washington v. Goettsche DV-19-453 to the U.S. District Court, District of Montana based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1).

Plaintiff perfected personal service of the Complaint and summons on Defendant on January 14, 2020. (Doc. 11). Counsel for Defendant signed a Waiver of the Service of Summons on January 14, 2020. (Doc. 12). Pursuant to Federal Rule of Civil Procedure 81, Defendant's Answer or presentation of other defenses or objections was due on *February 4, 2020*. On March 3, 2020, the parties stipulated and the Court granted a joint motion to stay proceedings in this matter pending settlement discussions until April 22, 2020. (Doc. 18–19). Defendant did not Answer and did not file the present motion until April 22, 2020. (Doc. 36). Defendant's Motion to Dismiss is clearly filed out of time and should be denied. *See Sevarese v. Edrick Transfer and Storage* 513 F.2d 140, 144, 147 (9th Cir. 1975) (affirming order denying motion to set aside default judgement).

Having not answered or presented other defenses or objections in time, the Defendant is presently subject to a default judgement under Federal Rule of Civil Procedure 55. However, Plaintiff will not assert that Defendant's failure to timely Answer or present other defenses in this case warrants the "drastic step appropriate only in extreme circumstances" of a default judgment. *Howard v. City of Ridgecrest,* Case No. 1:12-CV-01232 AWI-JLT, Doc. 8, 2 (E.D. Ca. 2012) (quoting *Falk v. Allen*, 739 F2d 461, 463 (9th Cir. 1984)). Therefore, Plaintiff will

not be seeking a default judgment. Instead, Plaintiff requests the Court deny Defendant's Motion to Dismiss as untimely without leave to refile and order the Defendant to Answer the Complaint in 7 days.

By asserting the time for filing requirements in Fed. R. Civ. P. 81 to oppose Defendant's motion to dismiss, Plaintiff is not agreeing by assent with the legal arguments made in Defendant's motion. If the Court determines that Defendant's motion to dismiss is timely filed and therefore requires a response, Plaintiff requests ten days within which to file its response and/or amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).

DATED this 13th day of May 2020.

/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Plaintiff
FX Solutions, Inc.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that **Plaintiff's Response Brief in Opposition to Defendants' Motion to Dismiss** is drafted with proportionately spaced Times New Roman 14 points typeface, is double-spaced, except where citation requires otherwise and in footnotes; and the word count, calculated by Microsoft Word for Office 365, is **636** words long, excluding Caption, Certificate of Service, and Certificate of Compliance.

DATED this 13th day of May 2020.

/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Plaintiff
FX Solutions, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May 2020, the foregoing document was served on the following individuals by ECF filing:


John E. Smith
Smith & Stephens, P.C.
315 West Pine Street
Missoula, Montana 59802
john@smithstephens.com

Nick K. Brooke
Smith & Stephens, P.C.
315 West Pine Street
Missoula, Montana 59802
nick@smithstephens.com

Robert L. Sterup
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, Montana 59103
rsterup@brownfirm.com


/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Plaintiff
FX Solutions, Inc.