Kris A. McLean
Tyson A. McLean
Kris A. McLean Law Firm, PLLC
PO Box 1136
Florence, Montana 59833
Phone: 406-214-1965
kris@krismcleanlaw.com

*Attorneys for Plaintiff Kevin Washington*

| | |
|---|---|
| KEVIN WASHINGTON,<br><br>          Plaintiff,<br>     vs.<br><br>MATTHEW BRENT GOETTSCHE,<br><br>          Defendant. | Cause No. CV-20-2-BU-BMM-KLD<br><br><br>**PLAINTIFF WASHINGTON'S OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATIONS** |
| FX SOLUTIONS, INC.<br><br>          Plaintiff,<br>     vs.<br>MATTHEW BRENT GOETTSCHE,<br><br>          Defendant. | Cause No. CV-20-03-BU-BMM-KLD |

COMES NOW Plaintiff Kevin Washington, by and through his counsel,

Kris A. McLean, and pursuant to 28 U.S.C. §636 respectfully states his objections

to the Magistrate Judge's Findings and Recommendations filed on June 3, 2020.

Initially, it should be noted that Plaintiff Washington will not object to the Magistrate's finding and recommendation that Defendant Goettsche's motion to compel arbitration should be granted. In fact, should the District Court accept the Magistrate's findings and recommendations granting Defendant's motion to compel arbitration, Plaintiff Washington does not intend to submit the question of arbitrability to the Arbitrator but will proceed to litigate the claims stated in his Complaint in binding arbitration.

## The District Court Ordered Receivership is Not Subject to Arbitration

On page 18 of the Court's Findings and Recommendations, the Magistrate Judge states,  "Should the arbitrator determine that Washington's claims are covered by the arbitration agreement, additional receivership issues, including those raised in Washington's motion to allow the receiver to sell the assets of CryptoWatt (Doc. 44) may be adjudicated in the underlying arbitration." This sentence seems to indicate the Magistrate Judge is finding and recommending that the Receivership of CryptoWatt Mining LLC's assets established by the District Court's order filed January 13, 2020 (Doc. 22) should be subject to the jurisdiction of the Arbitrator tasked with deciding Plaintiff Washington's substantive claims against Defendant Goettsche. If the Magistrate Judge is making such a finding and recommendation, Plaintiff Washington respectfully objects.

Initially it should be noted that Defendant Goettsche did not request that the

Receivership or issues related to the Receiver be submitted to arbitration. Moreover, under federal law, "appointing a receiver is an extraordinary *equitable remedy*, …" *Canada Life Assur. Co. v. Lapeter,* 563 F.3d 837, 844 (9th Cir. 2009) (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.,* 999 F.2d 314, 316 (8th Cir. 1993) (emphasis added)(internal quotations omitted). The Supreme Court of the United States described the equitable relief of a receiver when it stated, "[t]he appointment of a receiver is merely an ancillary and incidental remedy. A receivership is not final relief. The appointment determines no substantive right, nor is it a step in the determination of such a right. *It is a means of preserving property* which may ultimately be applied toward the satisfaction of substantive rights." *Pusey Jones Co v. Hanssen*, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763 (1923)(emphasis added)("appointment of a receiver in equity is not a substantive right; rather, it is an ancillary remedy which does not affect the ultimate outcome of the action." *Canada Life Assur. Co. v. Lapeter*, 563 F.3d at 843 (quotations omitted).

Plaintiff Washington's complaint describes substantive claims of breach of fiduciary duty and actual and constructive fraud against Defendant Goettsche. The ancillary and incidental remedy Plaintiff Washington sought in his Emergency Motion to Appoint Receiver (Doc.  ) and obtained in the District Court's Order Appointing Receiver (Doc. 22) determined no substantive right, nor was it a step in

the determination of such a right. *Pusey Jones Co.*, 261 U.S. 491. The parties'

respective substantive rights and obligations can be determined in arbitration

without disturbing the District Court's order or jurisdiction of the Receivership.

Plaintiff Washington respectfully objects to the Magistrate Judge's Findings and

Recommendations to the extent they determine otherwise.


DATED this 17th day of June, 2020.


/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Plaintiff
Kevin Washington

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that **Plaintiff's Objections to Magistrate's Findings and Recommendations** is drafted with proportionately spaced Times New Roman 14 points typeface, is double-spaced, except where citation requires otherwise and in footnotes; and the word count, calculated by Microsoft Word for Office 365, is **549** words long, excluding Caption, Certificate of Service, and Certificate of Compliance.

DATED this 17th day of June 2020.


/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Plaintiff
Kevin Washington

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June 2020, the foregoing document was served on the following individuals by ECF filing:

Robert L. Sterup
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, Montana 59103
rsterup@brownfirm.com

/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Plaintiff
Kevin Washington