Robert L. Sterup
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
rsterup@brownfirm.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| KEVIN WASHINGTON,<br><br>   Plaintiff,<br>vs.<br><br>MATTHEW BRENT GOETTSCHE,<br><br>   Defendant. | Cause No. CV-20-2-BU-BMM-KLD<br><br>**DEFENDANT'S RESPONSE TO OBJECTIONS TO FINDINGS AND RECOMMENDATION OF FX SOLUTIONS, INC.** |
| FX SOLUTIONS, INC.<br><br>   Plaintiff,<br>vs.<br>MATTHEW BRENT GOETTSCHE,<br><br>   Defendant. | Cause No. CV-20-03-BU-BMM-KLD |

Defendant Matthew Goettsche ("Goettsche") respectfully submits this response to objections of FX Solutions, Inc. ("FXS") to Findings and Recommendations ("F&R") of the Hon. Magistrate Judge.

## I. FACTUAL BACKGROUND

Goettsche is the majority owner of CryptoWatt Investment Partners, LLC ("CryptoWatt"). CryptoWatt owns a Bitcoin mining facility in Butte, Montana. F&R p. 2.

On December 26, 2019 FXS filed a Complaint against Goettsche alleging breach of contract and actual and constructive fraud arising from acts and conduct for which Goettsche is currently under federal criminal indictment. (Doc. 3). At the same time, and through the same counsel, Kevin Washington ("Washington") filed suit against Goettsche alleging breach of fiduciary duty and actual and constructive fraud also arising from acts and conduct underlying the criminal indictment. (Doc. 26). Following removal to this Court, the two cases were consolidated by Order dated January 14, 2020. (Doc. 24). By Order dated January 10, 2020 the Court appointed a Receiver to preserve the status quo by protecting CryptoWatt's assets. (Doc. 22).

Goettsche subsequently moved to compel arbitration (Doc. 8) and for a stay of the consolidated cases. (Doc. 36). The Court entered an Order on March 3, 2020, temporarily staying proceedings until April 22, 2020. (Doc. 43).

By the F&R dated June 3, 2020, the Magistrate Judge recommended grant of Goettsche's motion to compel arbitration and for a stay of these consolidated cases pending arbitration. (Doc. 74.) FXS filed objections to the F&R dated June 17, 2020. (Doc. 54.)

## II. DISCUSSION

FXS contends the F&R erred in staying this consolidated proceeding, but cites no authority in support of his objections. As the Hon. Magistrate Judge correctly noted, arbitration is properly compelled as to some claims but not others, whether to stay the entire case pending the outcome of arbitration is "left to the district court…as a matter of discretion to control its docket." *Chartwell Staffing Services Inc. v. Atlantic Solutions Group Inc.*, 2020 WL 620294 *12 (C.D. Cal. Jan. 9, 2020) (*citing Simmons v. Morgan Stanley Smith Barney, LLC*, 872 F.supp.2d 1002, 1021 (S.D. Cal. 2012) (*citing Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 n. 23 (1983)). F&R p. 17. This Court has already determined the two "cases concern similar facts and legal claims" such that "consolidation is [in] the interests of efficiency and judicial economy." (Doc. 6 at 1). Washington and FXS filed suit at the same time, in the same Court, represented by common counsel, alleging facts and matters arising from the same factual nucleus. Segregating the cases, with one to proceed in arbitration and the

other to proceed in this Court, would lead to piecemeal adjudication, a potential for inconsistent results, and a frustration of "efficiency and judicial economy."

The Court's inherent authority to stay this consolidated litigation is not questioned by FXS, and is well established. The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)(stay may be based on "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law") (*citing CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) The F&R correctly recommend stay of both consolidated cases under the Court's inherent authority.

In addition, and although the F&R did not reach the issue, a stay is appropriate under *Keating* standards. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). The claims made by FXS are closely related to allegations of criminal conduct made against Goettsche, and indeed, depend for their vitality on proof of the same facts and matters alleged in the criminal case. Under the *Keating* test a stay is warranted, for several reasons.

First, forcing Goettsche to litigate these proceedings – which explicitly rely on facts directly at issue in the criminal case – would seriously burden Goettsche's

Fifth Amendment rights. *See Blanton, et al. v. Black*, et al., 05-CV-08 (D. Mont. Nov. 23, 2005), Doc.28 at 5 ("The issues of both proceedings are substantially similar and Defendants risk incriminating themselves by proceeding with the civil action during the criminal investigation."). Goettsche should be able to defend himself without implicating his Fifth Amendment rights. *See Blanton*, at 5 ("Further, the claim of privilege will not prevent summary judgment in the civil case if the litigant does not present sufficient evidence to satisfy the usual burdens in the litigation."); *see also Walsh Sec.*, 7 F. Supp. 2d at 528 (noting that without a stay, defendants "must choose between waiving their Fifth Amendment rights and defending themselves in the civil lawsuit or asserting the privilege and probably losing the civil case").

Second, the fact that Goettsche has already been indicted based on allegations that are factually related to the claims made by FXS in these proceedings weighs heavily in favor of a stay. "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 WL 2136986, at *2 (E.D. Cal. 2009) internal citations omitted.

Third, Goettsche is highly prejudiced by the limitations on his ability to litigate the claims made by FXS, and the risk of undue delay is obviated by Goettsche's repeated assertion of his Speedy Trial rights. *See Am. Motorists Ins. Co. v. Bridger Pub. Sch. Dist. #2*, 2007 WL 1227592, at *2 (D. Mont. 2007) (noting "the potential harm to civil litigants arising from delaying the case is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act").

Finally, the remaining factors – the convenience of the Court, the efficient use of judicial resources, and the interests of third parties and the public in both actions – strongly weigh in favor of a stay. Goettsche's counsel cannot litigate the case without access to their client or the information necessary to respond to FXS's allegations. So long as Goettsche remains detained in another district, particularly under the current COVID-19 restrictions, it will be less efficient to continue these litigations and the Court will be more inconvenienced by trying to do so while also resolving privilege issues. *See McMullen v. Bay Shrimp Management*, 335 F.3d 215, 219 (3d Cir. 2003) ("As the Supreme Court has reminded us, 'a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.'") (*quoting Ungar v. Sarafite,* 376 U.S. 575, 589 (1964))); *see also Blanton*, at 6 ("This Court has an interest in resolving cases efficiently. However, without a stay… discovery would

likely cause inefficiency because the [defendants] would be forced to assert Fifth Amendment privileges.")

Accordingly, Goettsche has met his burden to show that the *Keating* factors weigh in favor of a stay.  *See* Doc.62 pp. 6-17.

## CONCLUSION

For all of the foregoing reasons the F&R should be adopted.

RESPECTFULLY SUBMITTED this 30th day of June 2020.

/s/ Robert L. Sterup
Robert L. Sterup
*Attorney for Defendant*

## CERTIFICATE OF COMPLIANCE

The undersigned, Robert L. Sterup, certifies that Defendant's Response to Objections to Findings and Recommendations of FX Solutions complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count is 1,202 words, excluding caption and certificates of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

DATED this 30th day of June, 2020.

/s/ Robert L. Sterup_
Robert L. Sterup

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June 2020, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2, 3</u>CM-ECF
<u>     </u> Hand Delivery
<u>     </u> Mail
<u>     </u> Overnight Delivery Service
<u>     </u> Fax

1. CLERK, UNITED STATES DISTRICT COURT

2. Kris McLean

3. Tyson McLean


By:   <u>/s/ Robert L. Sterup</u>
      Robert L. Sterup
      *Attorney for Defendant*